# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2013

No. 13-50032
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AGUSTIN HERNANDEZ-VENEGAS, also known as Jorge Ignacio Flores Casillas,

Defendant-Appellant

Cons. w/ No. 13-50033

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AGUSTIN HERNANDEZ-VENEGAS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-382-1
USDC No. 1:12-CR-453-1

No. 13-50032
c/w No. 13-50033

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Agustin Hernandez-Venegas appeals the 12-month sentence imposed following the revocation of his supervised release. The district court ordered the revocation sentence, which was within the guidelines range and below the statutory maximum term of imprisonment, to run consecutively to the 15-month sentence imposed in Hernandez-Venegas's new illegal reentry case. Hernandez-Venegas argues that his revocation sentence is greater than necessary to further the relevant 18 U.S.C. § 3553(a) factors of deterring future criminal conduct and protecting the public. Because Hernandez-Venegas did not object to the reasonableness of his revocation sentence in the district court, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009).

Although in imposing a revocation sentence, the district court is directed to consider the relevant factors enumerated in § 3553(a), including the non-binding policy statements found in Chapter Seven of the Sentencing Guidelines, *see United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994), the district court has "substantial latitude in devising revocation sentences for defendants who violate the terms of supervised release." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (internal quotation marks and citation omitted). Further, the imposition of a consecutive revocation sentence is both authorized by statute and preferred under the Guidelines. *See* 18 U.S.C. § 3584; U.S.S.G. § 7B1.3(f), p.s., & comment. (n.4). Hernandez-Venegas's disagreement with the propriety of the consecutively-imposed sentence is insufficient to show that the district court plainly erred in imposing the sentence or to overcome the presumption of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness afforded to his within-guidelines revocation sentence. *See Puckett,* 556 U.S. at 135; *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.